## Torbert v. Tracy & Murray.

1. PLEADINGS: ATTACHMENT. An allegation that the "defendants have disposed of their property in part, with intent to delay and hinder their creditors, and to prevent and defeat" the collection of their claims, is insufficient to authorize an attachment, in this, that it does *not distinctly* charge an intent to defraud creditors.

<em>Appeal from Dubuque District Court.</em>

TUESDAY, JUNE 4.

THE facts are sufficiently stated in the opinion of the court.

*Wilson, Utley & Doud,* for the appellants. Fraud is the essence of the averment, and must be alleged in terms. It cannot be presumed. *Danforth Davis & Co.* v. *Carter and May,* 1 Iowa, 550; *Lockard & Co.* v. *Eaton,* 3 G. Greene, 543; *Bowen, et al.* v. *Gilkeson, et al.,* 7 Iowa, 503; *Mansfield* v. *Watson,* 2 Iowa 119; Williard's Eq. Jur. 148; Cowen & Hill's Notes 298; *Logan & Cook* v. *Att* 4, 9 Iowa, 77.

*Samuels, Allison & Crane,* for the appellee, relied upon Drake on Attach. § 113, Code of 1851, § 2505. *Graham* v. *Ruff,* 8 Ala. 172; *Wallis, et al.* v. *Wallace,* 6 How

(Miss.) 254; *Carter* v. *Little*, 7 Mo. 452; Twynes Case, 1 Smith, L. C. and notes to English Cases.

WRIGHT, J.—Plaintiff asked an attachment against the property of defendants, alleging in his petition as a cause: "That the said defendants have disposed of their property in part, with intent to *delay and hinder* their creditors, and to *prevent and defeat* them from the collection of their claims." Defendants moved to dissolve the attachment, for the reason that no statutory cause was stated therefor in the petition. This motion was overruled, and defendants appealed.

The requirement of the statute, which it is claimed this averment meets, is, the petition must state that the defendant "has disposed of his property, in part, with intent to *defraud* his creditors." If there exists this actual intent to defraud, and the party believes it, it should be stated, and thus comply with the clear, unambiguous language of the statute. Now if the language of the act had, as in some other states, authorized an attachment if the debtor had disposed of his property with intent to *hinder, delay or defraud* his creditors, the averment in this case would have been sufficient. It is sufficient, however, to know that our statute has used the word *defraud* alone, and an intention to do something else, will not meet this requirement. It is unnecessary to a critical analysis of the language employed in this affidavit, to ascertain whether it may or may not, in legal effect, aver an intent to defraud, for if there was such fraudulent intent, it was easy to have so stated, and to permit a departure from this controlling, leading, cardinal word of *a statute of this character*, would to be establish a precedent dangerous in its tendency, and in no manner necessary for the attainment of justice.

Reversed.